IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA


| | | |
|---|---|---|
| REGINA BLACKHURST, | ) | |
| | ) | 2:04-cv-2191-GEB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | TENTATIVE FINAL PRETRIAL ORDER |
| | ) | |
| TRINITY CHURCH, and DONNA | ) | |
| HARRELL, | ) | |
| | ) | |
| Defendants. | ) | |

This Tentative Final Pretrial Order will be used at the
Final Pretrial Conference scheduled for Monday, December 12, 2005,
at 1:30 p.m. in Courtroom 10.

### I.   DISPUTED EVIDENTIARY ISSUES

Any evidentiary dispute capable of being resolved in
limine shall be addressed using the following procedure.  Counsel
for the parties are required to meet and confer about the dispute.
If the meeting fails to resolve the dispute, the parties are to set
forth their respective positions on the dispute in a document
entitled "Stipulation Re:  Evidentiary Disagreements," that shall

be signed by counsel for the parties and filed no later than <u>twenty</u>
<u>(20) court days before trial</u> ("Stipulation").

In the Stipulation, after the movant states the legal and
factual basis for opposing admission of a clearly-identified,
specific item of evidence, the nonmovant shall state its position.
*Failure to state a basis for admissibility or non-admissibility of*
*disputed evidence constitutes a waiver or abandonment of that*
*basis*.  If the same argument or a portion thereof applies to a
dispute over other evidence, that argument may be incorporated by
reference where that other disputed evidence is argued.

This procedure is intended to expedite the trial by
allowing the judge to understand the factual context involving
disputed evidence and to make binding pretrial rulings.  The
parties are cautioned that failure to utilize this procedure to
resolve an evidentiary issue which is capable of resolution in an
in limine motion may be deemed a waiver of objection to such
evidence, or could result in a ruling excluding the evidence.[1]

II.  <u>FACTUAL AND LEGAL CONTENTIONS</u>

A.   The Final Pretrial Order supersedes the pleadings
and controls the facts and claims which may be presented at trial.
Any legal theory of relief or affirmative defense asserted in the
pleadings but not preserved for trial in this section of the Final
Pretrial Order cannot be raised during the trial.  Therefore, to
preserve an issue for trial, and to be entitled to jury

---

[1]   Since the judge disfavors side-bar conferences during trial, counsel may be informed of this waiver in front of the jury. Evidentiary disputes addressed in limine need not be included in trial briefs as required by Local Rule 16-285(a)(3) (requiring that "reasonably anticipated disputes concerning admissibility of evidence" be included in trial briefs).

instructions on that issue, the issue <u>shall</u> be identified and
preserved in this section of the Order.  Failure to do so
dismisses, waives or abandons that issue, claim or defense.
<u>Hotel Emp., et al. Health Tr. v. Elks Lodge 1450</u>, 827 F.2d 1324,
1329 (9th Cir. 1987) ("Issues not preserved in the pretrial order
are eliminated from the action.").

      B.  In the Joint Pretrial Statement ("JPS") the parties
have agreed that the below-listed claims and defenses are to be
tried to a jury.  Therefore, the following issues are preserved for
trial provided that jury instructions are submitted as required by
Section X of this Order:

      1.  <u>Plaintiff's Contentions</u>:

      a.  Plaintiff claims Defendant Trinity Church
discriminated against her on the basis of her gender in violation
of Title VII, 42 U.S.C. § 2000, because her pregnancy was a
motivating factor in Defendant's decision to terminate Plaintiff's
employment.

      b.  Plaintiff claims Defendant Trinity Church
discriminated against her in violation of Title VII, 42 U.S.C. §
2000, because her gender was a motivating factor in Defendant's
decision to pay Plaintiff $1.50 per hour less than a male teacher
who performed the same job as Plaintiff and who was less or equally
qualified as Plaintiff.

      c.  Plaintiff claims Defendant Trinity Church
retaliated against her in violation of Title VII, 42 U.S.C. § 2000,
because (1)  after Plaintiff opposed what Plaintiff characterizes
as a demotion to a "floating" teacher Defendant Harrell terminated
Plaintiff, and (2) after Plaintiff complained that her termination

3

was discriminatory Defendant Trinity Church published a defamatory memorandum that falsely accused Plaintiff of inflicting corporal punishment on a child.

d.   Plaintiff claims Defendant Trinity Church violated the Equal Pay Act, 29 U.S.C. § 206, and California Labor Code § 1197.5 by paying her $1.50 per hour less than a male teacher who performed the same job as Plaintiff and who was less or equally qualified as Plaintiff.

e.   Plaintiff claims Defendant Trinity Church wrongfully terminated her in violation of public policy as expressed in the California Constitution Article I, section 8, and in Title VII 42, U.S.C. § 2000, since she was terminated because of her pregnancy.

f.   Plaintiff claims Defendant Trinity Church and Defendant Harrell defamed Plaintiff's reputation when Defendant Harrell sent a memorandum to others within Trinity Church and to the Department of Heath and Human Services which falsely stated that Plaintiff had engaged in corporal punishment of a child and was insubordinate.

g.   Plaintiff claims Defendant Trinity Church and Defendant Harrell are liable for defamation for Plaintiff's republication of the false statements because it was foreseeable that Plaintiff would have to republish the allegations while pursuing subsequent employment after her termination.

h.   Plaintiff claims that Defendant Trinity Church and Defendant Harrell are liable for intentional infliction of emotional distress because Defendants intentionally or recklessly engaged in outrageous conduct that caused Plaintiff to

suffer severe emotional distress.  This claim is based on all or part of the following allegations:

           i.    after it became known Plaintiff was pregnant, Harrell removed Plaintiff from the lead Jr. Kindergarten teacher position previously promised to Plaintiff, stating to Plaintiff that now she was pregnant, a more responsible teacher was needed;

           ii.  two weeks later, Harrell hired Plaintiff's pregnancy-leave replacement before discussing with Plaintiff her pregnancy or her needs, then requesting Plaintiff train the replacement for six months, creating fear Plaintiff's employment was tenuous because she was pregnant;

           iii. after hiring Plaintiff's replacement, requesting Plaintiff work less than full-time without health insurance and a written guarantee of future full employment while her "replacement" took over her full-time position, creating even more fear;

           iv.  telling Plaintiff it was unwise not to take the part-time position, then stating a veiled threat that Plaintiff would be expected to act like all other teachers who were not pregnant;

           v.   terminating Plaintiff because of her pregnancy, stating she appeared stressed because of her pregnancy or marriage;

           vi.  falsely insinuating/accusing Plaintiff of engaging in corporal punishment and using force to discipline a child under her care to justify the termination,

thereby substantially decreasing Plaintiff's ability to seek and obtain future employment as a preschool teacher;

vii. gratuitously publicizing those same allegations to a state agency for inclusion in their permanent file, perpetuating Plaintiff's inability to seek and obtain future employment as a preschool teacher;

viii. failing to follow through with her promise to give a good recommendation for Plaintiff once the baby was born, thereby giving credence to the corporal punishment allegations.

i.   Plaintiff's claims of defamation and intentional infliction of emotional distress are asserted against Defendant Trinity Church under the doctrine respondeat superior.

j.   Plaintiff claims that she is entitled to recover punitive damages for violation of Title VII, 42 U.S.C. § 2000, for wrongful termination in violation of public policy, for intentional infliction of emotional distress, and for defamation.

2.   <u>Defendants' Contentions</u>:[2]

a.   Defendants claim Plaintiff failed to mitigate her damages for <u>all</u> claims <u>except</u> the Family Medical Leave Act claim because Plaintiff did not seek other employment after her termination.

b.   Defendants claim that Plaintiff cannot recover general damages (for depression, anxiety, sleeplessness,

---

[2]   Those defenses which do not constitute affirmative defenses have not been listed. <u>Zivkovic v. Southern Cal. Edison Co.</u>, 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense. . . [A] defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense."

humiliation loss of self esteem, etc.) for violation of Title VII, 42 U.S.C. § 2000, for wrongful discharge in violation of public policy, for defamation, and for intentional infliction of emotional distress, because any such damages Plaintiff suffered were brought upon herself by her inappropriate actions which led to her termination, and/or other events in her personal life.

c.   Defendant Trinity Church claims it is not liable for retaliation under Title VII, 42 U.S.C. § 2000, for publishing a memorandum stating that Plaintiff had inflicted corporal punishment on a child because all of the allegations in the memorandum were true.

d.   Defendants claim they are not liable for defamation because the contents of the memorandum stating that Plaintiff had inflicted corporal punishment on a child were truthful.

C.   The following issues are not preserved for trial:[3]

1.   Plaintiff claims Defendant Trinity Church and Defendant Donna Harrell interfered with her right to take leave

---

[3]   The parties were warned in the Status (Pretrial Scheduling) Order filed March 22, 2005, that "since [the] process [of having them delineate trial issues] is designed to promote efficiency and conserve judicial resources, 'there is no reason to require that the elimination of non-trialworthy claims await a formal motion for summary judgment.'" Berkovitz v. Home Box Office, Inc., 89 F.3d 24, 29 (1st Cir. 1996). "If the pretrial [statement] discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law," the Court may summarily dispose of the case or issue. Portsmouth Square v. Shareholders Protective Comm., 770 F.2d 866, 868-69 (9th Cir. 1985) (emphasis added).
(Order at 9.)

under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601-2654, by (1) failing to properly advise Plaintiff of her rights under the FMLA, (2) misleading Plaintiff as to her rights under the FMLA in its employee handbook, (3) requesting that Plaintiff reduce her hours so that she would not qualify for FMLA leave, and (4) terminating Plaintiff's employment in order to prevent Plaintiff from obtaining the benefits of FMLA leave.

This claim is not preserved for trial because nothing in the JPS reasonably indicates Plaintiff sought to invoke her rights under the FMLA.  Bailey v. Southwest Gas Co., 275 F.3d 1181, 1186 (9th Cir. 2002) (stating that defendant did not interfere with plaintiff's rights under the FMLA because plaintiff never sought to invoke her rights).  The JPS does not indicate Plaintiff requested leave for her pregnancy, expressly or otherwise, but rather that Plaintiff told her employer she desired to continue employment as the "head teacher" throughout her pregnancy.  See id. (stating that plaintiff did not invoke her rights under the FMLA "expressly or otherwise" because plaintiff never requested leave and would not have taken leave if offered).  Therefore, Plaintiff's claim that Defendant Trinity Church interfered wither her rights under the FMLA is dismissed.

D.   In addition to the matters set forth in Local Rule 16-285, the parties shall brief the following points of law in their trial briefs.

1.   The elements, standards, and burdens of proof as to each of Plaintiff's causes of action, including citations of authority in support thereof.

2.   The elements, standards, and burdens of proof as to each of Defendant's defenses, including citations of authority in support thereof.

Notwithstanding Local Rule 16-285, trial briefs shall be filed with the Court no later than <u>twenty (20) court days prior to the date of trial</u>.  A joint or partial joint trial brief is permitted.  All legal positions briefed in the trial brief shall be supported with case and applicable statutory authority.  <u>See</u> Local Rule 16-285.  If separate or partial separate trial briefs are submitted, responding briefs, if any, shall be filed with the Court no later than five (5) court days prior to trial.  **The trial brief(s) must include "a summary of points of law, including reasonably anticipated disputes concerning admissibility of evidence, legal arguments, and citations of authority in support thereof."  Local Rule 16-285(a)(3).**

### III.   <u>WITNESSES</u>

A.   Plaintiff expects to call as witnesses, either in person or by deposition, some or all of the persons listed in "Attachment 2: Plaintiff's Witness List" attached to the parties' JPS.

B.   Defendants expect to call as witnesses, either in person or by deposition, some or all of the persons listed in "Defendants' Witness List" attached to the parties' JPS.

C.   Each party may call a witness designated by the other.

D.   No person, other than those named on these witness lists, will be permitted to testify unless:

1    (1) The party offering the witness demonstrates that
2    the witness is for the purpose of rebutting evidence which could
3    not reasonably be anticipated at the pretrial conference; or
4    (2) The witness was discovered after the pretrial
5    conference and the proffering party makes the showing required in
6    "E", below.
7    E.  If a witness is discovered after the pretrial
8    conference, counsel for the party offering the witness shall
9    promptly inform the Court and opposing parties of the existence of
10   the unlisted witness so that the Court may consider at trial
11   whether the witness shall be permitted to testify.  The witness
12   will be not be permitted to testify unless:
13   (1) The witness could not reasonably have been
14   discovered prior to pretrial;
15   (2) The Court and opposing counsel were promptly
16   notified upon discovery of the witness;
17   (3) If time permitted, counsel offered the witness
18   for deposition; and
19   (4) If time did not permit, a reasonable summary of
20   the witness' testimony was provided to opposing counsel.
21                            IV.  <u>EXHIBITS</u>
22   A.  Plaintiff intends to offer in evidence the exhibits
23   described in "Attachment 1: Plaintiff's Exhibits" attached to the
24   parties' JPS.
25   B.  Defendants intend to offer in evidence the exhibits
26   described in "Defendants' Trial Exhibits" attached to the parties'
27   JPS.
28

C.  No other exhibits will be permitted to be introduced unless:

(1) The party seeking to use the unlisted exhibit demonstrates that the exhibit is being used to rebut evidence which could not reasonably have been anticipated at the pretrial conference; or

(2) The unlisted exhibit was discovered after the pretrial conference and the offering party makes the showing required in paragraph "D", below.

D.  Any party proposing to introduce an exhibit which was discovered after the pretrial conference shall promptly notify the Court and opposing counsel of the existence of such exhibit.  The Court will not permit any such exhibit to be introduced unless it finds:

(1) That the exhibit could not reasonably have been discovered prior to the pretrial conference;

(2) The Court and counsel were promptly informed of the exhibit's existence; and

(3) That the offering party has delivered a copy of the exhibit to opposing counsel, or, if the exhibit may not be copied, that the offering counsel has made the exhibit reasonably available for inspection by opposing counsel.

E.  Plaintiff's exhibits shall be numbered and marked with colored stickers provided by the Court while Defendant's exhibits shall be designated by alphabetical letter also marked with colored stickers provided by the Court.  To obtain stickers, parties should contact the Clerk of Court at (916) 930-4000.

The parties are directed to exchange with each other, at least twenty (20) court days prior to trial, copies of all of their respective exhibits, marked with exhibit stickers provided by the Court.  Within five (5) court days after receipt and examination of the exhibits, each party shall file with the Court and serve upon opposing counsel objections, if any, to the exhibits, referencing the exhibits as marked by exhibit sticker and specifying the basis for each objection.[4]  Failure to exchange exhibits as ordered could result in the exhibit not being used at trial and/or the imposition of sanctions.  The failure to make objections in the manner prescribed by this section shall constitute a waiver of objections. A party seeking to admit into evidence an exhibit to which no objection was made must identify said exhibit for the record and then move it into evidence.

Counsel shall produce all exhibits to the Clerk's Office on the Friday before the before trial date, no later than 4:00 p.m. At that time, the parties shall also furnish the Court with a copy of each exhibit, unless the exhibit is physically incapable of being reproduced.  Failure to produce exhibits as ordered could result in waiver of the right to offer those exhibits.  Each party submitting exhibits shall furnish a list to the Court, the courtroom deputy and opposing counsel itemizing the exhibits.

///

///

///

///

---

[4]    The parties have leave to file joint exhibits.  The above procedure is designed for separate exhibits.

## V.  FURTHER PREPARATION FOR USE OF DISCOVERY DOCUMENTS[5]

A.  It is the duty of counsel to ensure that any depositions which are to be used at trial for any purpose shall have been filed with the clerk, and counsel are cautioned that a failure to discharge this duty may result in preclusion of the use of the unfiled depositions or in the imposition of such other sanctions as the Court deems appropriate.

B.  No later than twenty (20) court days before the trial commencement date, counsel for each party shall serve on the other parties a statement designating all answers to interrogatories and all portions of depositions (except for passages to be used solely for refreshing recollection, impeachment or rebuttal).  No later than ten (10) court days before the trial commencement date, counter-designations of other portions of these discovery documents may be served.  No later than five (5) court days before trial, the parties shall file and serve any preserved evidentiary objections to any designated discovery, or said objections are waived.

## VI.  FURTHER DISCOVERY OR MOTIONS

Pursuant to the Court's Pretrial Scheduling Order, all discovery and law and motion was to have been completed prior to the date of the final pretrial conference.  That order is confirmed.  The parties are, of course, free to conduct any

---

[5]  Counsel for the parties are required to meet and confer on whether it is appropriate to submit any documents to the judge prior to trial.  If the parties decide this is appropriate, they shall reflect their agreement in a stipulation which has attached thereto whatever documents they agree can be considered by the judge before trial.  The stipulation should be filed and submitted to the judge's chambers at the parties' earliest convenience.

1 additional discovery they desire pursuant to informal agreement.

2 However, any such agreement will not be enforceable in this Court.

3 VII.  <u>SETTLEMENT NEGOTIATIONS</u>

4 No settlement conference is scheduled in this matter.  If

5 the parties believe that a settlement conference would be

6 productive and facilitate resolution of this case, the parties may

7 contact the Court.  If the Court schedules a settlement conference

8 at the request of the parties, each party would be directed to have

9 a principal with authority to settle the case on any terms present

10 at the settlement conference.

11 In addition, each party would have to submit a settlement

12 conference statement directly to the chambers of the settlement

13 judge, five (5) court days prior to the settlement conference.

14 Such statements would not have to be filed with the clerk nor

15 served on opposing counsel.  However, each would be required to

16 notify the other party or parties that the statement was submitted

17 to the judge's chambers.

18 VIII.  <u>AGREED STATEMENT</u>

19 The parties shall submit a short, jointly-prepared

20 statement concerning the nature of this case that can be read to

21 the jury at the commencement of trial.  The statement shall be

22 provided to the Court no later than ten (10) court days before the

23 commencement of trial.  If the parties fail to do this, they may be

24 required to give their respective opening statements before voir

25 dire.  Separate statements shall be submitted if agreement is not

26 reached.

27

28

IX.   SEPARATE TRIAL OF ISSUES

The trial will be conducted in two phases:  liability and punitive damages.  If the jury finds punitive damages are recoverable in the liability phase, trial on the amount of punitive damages will immediately occur.  During the first phase of the trial, the jury will be given a liability instruction on punitive damages along with the other closing instructions and a verdict form which will include the question whether punitive damages should be awarded.  If the answer is yes, the second phase of the trial would then occur with the presentation of financial condition evidence pertinent to the amount of punitive damages, following which the parties would present closing argument on that issue and a second phase jury instruction would be given to the jury on the issue.  The jury would then deliberate on the issue and fill in a punitive damages verdict form.

X.   JURY INSTRUCTIONS, VOIR DIRE, AND VERDICT FORMS

A.   The parties are to prepare jury instructions, in the manner specified in paragraph B below.  Counsel shall tailor all general instructions to the facts and issues in suit.

B.   Counsel are directed to confer and to attempt to agree upon a joint set of jury instructions.  All instructions, both general and specific, shall be submitted in the exact numerical order counsel desires them given to the jury and shall be tailored to the facts and issues in suit.

The joint set of instructions shall be filed with the court clerk fifteen (15) court days prior to the date of the trial and shall be identified as the "Jury Instructions Without Objection."  See L.R. 51-163(b).  As to instructions on which there

is dispute, the parties shall adhere to the following procedure: 1) the party offering the disputed instruction(s) shall submit the instruction(s) as its package of proposed jury instructions, shall submit a brief memorandum in support of the proposed instruction(s) and shall number the disputed instruction in a manner that shows where each disputed instruction should be placed in the tendered agreed upon instructions.  The contested instruction(s) and memorandum in support shall be filed with the joint set of instructions fifteen (15) court days prior to the date of the trial; 2) the party opposed to the contested instruction(s) shall submit a brief memorandum succinctly stating the legal basis of the objection(s); 3) the memoranda in opposition to the contested instruction(s) shall be filed ten (10) court days prior to the date of the trial.

C.   All instructions shall be, to the extent possible, concise, understandable, and neutral statements of law.  They shall be prepared in accordance with Local Rule 51-163.  Ninth Circuit Pattern Instructions are preferred.

D.   It is the parties' responsibility to ensure that jury instructions are submitted on all issues preserved for trial in accordance with the schedule set forth above.  Pursuant to Local Rule 51-163, instructions not presented in accordance with this Order will be refused unless it is shown either (1) that the necessity for the request arose in the course of trial; the instructions could not reasonably have been anticipated prior to trial from the Final Pretrial Order; and the request for such additional instructions is presented to the Court as promptly as

possible; or (2) that the refusal to give such instructions would constitute manifest injustice under Rule 16(e).

Likewise, any objections to proposed instructions not made in accordance with this Order will be overruled as untimely unless it is shown either (1) that the grounds therefor arose in the course of trial and the intention to make such objections is communicated to the Court as promptly as possible, or (2) that the giving of such instructions would constitute plain error.

E.   Most of the examination of prospective jurors is conducted by the Court.  The parties are directed to meet and confer and attempt to agree upon a joint set of proposed voir dire questions.  These questions shall include any voir dire questions supplied by the Court that the parties believe are necessary.  The joint set of voir dire questions shall be filed with the Court fifteen (15) court days prior to the date of the trial.  Parties may also submit proposed voir dire questions which are disputed. Disputed voir dire questions shall be filed with the Court fifteen (15) court days prior to the date of the trial and shall be accompanied by an explanation as to the need for the question and supporting case authority when available.  The opposing party shall respond with reasons for the opposition and any supporting case authority no later than ten (10) court days prior to the date of trial.  Each side is granted fifteen (15) minutes to conduct voir dire following the Court's examination of prospective jurors.

F.   The parties shall file a joint verdict form concurrently with proposed jury instructions fifteen (15) court days prior to the commencement of trial.  See L.R. 51-163(e).  A special verdict or interrogatories shall be included for all

factual disputes submitted to the jury that must be resolved before questions of law can be decided, and for any other issue on which specific responses are desired.  The verdict form shall be prepared in accordance with Local Rule 51-163(e).  At the same time, where disagreements exist, the parties shall explain the disagreement and submit points and authorities supporting their respective positions.

At the time of electronically filing the jury instructions and verdict form, counsel shall also submit a copy of the sanitized joint jury instructions, the sanitized disputed jury instructions, and the joint verdict form to the Court by email to geborders@caed.uscourts.gov in accordance with L.R. 51-163(b)(1).

G.   The failure of one or more of the parties to participate in the preparation of joint jury instructions, proposed voir dire questions, or verdict form does not excuse the other parties from their obligation to timely file these documents with the Court in accordance with this Order.  In the event that a party fails to participate as ordered, the party timely submitting these documents shall include a declaration explaining why it was unable to obtain the cooperation of the other party or parties.

XI.   USE OF STRUCK JURY SELECTION SYSTEM

Eight (8) jurors will be impaneled.  The "struck jury" system will be used to select the jury.[6]  At the beginning of the

---

[6]   As explained in United States v. Blouin, 666 F.2d 796, 798 (2d Cir. 1981), "the goal of the 'struck jury' system is to whittle down an initially selected group . . . [to the amount of jurors] who will serve as the petit jury."  The selected group consists of the jurors who will hear the case, plus the number of jurors required to enable the parties to use the combined number of peremptory challenges allotted to both sides for striking jurors

(continued...)

voir dire process, eighteen prospective jurors, randomly selected by the Jury Administrator, will be seated for voir dire.[7]  The order of the jurors' random selection is reflected by the order in which they will be seated.  The first randomly selected juror will be in jury seat number one, which is at the extreme right-hand side of the jury box in the top row as the jury box is viewed from the well of the courtroom.  The eighth juror will be in the eighth seat.  The ninth selected juror will occupy the seat located at the extreme right-hand side of the jury box in the bottom row.  The fifteenth seat will be in the left-hand side of that row.  Three chairs will be placed in front of the jury box.  The sixteenth juror will occupy the seat on the right and the eighteenth juror will occupy the seat on the left.  The first eight (8) jurors on a list, which shall be given to counsel, will constitute the petit jury unless one or more of those eight (8) is excused for some reason.  Assuming that the first and fifth jurors on the list are excused, the second listed juror becomes the first, and the other jurors' numbers are changed accordingly, with the ninth juror on the list becoming seventh on the list; however, the jurors continue to be identified by their original numbers.

Following the voir dire questioning, each side will exercise its three allowed peremptory strikes.[8]  A copy of the

---

[6](...continued)
from the group.  Typically extra jurors are included in the select group in the event the minimum amount of jurors required for the "struck system" is reduced "for cause" or some other reason.

[7]     More could be seated.

[8]     During the questioning, the attached Query Re Excuse Potential Jurors form could be given to the parties to determine if
(continued...)

"strike sheet" which will be used is attached to this Order.
Generally, the potential jurors are given a break for the amount of
time the parties estimate it will take them to exercise peremptory
strikes.  Therefore, before the striking process begins, the
parties are requested to provide an estimate of how long it will
take to exercise their peremptory strikes so the potential jurors
can be allowed to take a break for that amount of time.  Peremptory
strikes will be exercised silently, by passing the strike sheet
between the parties, with the Plaintiff going first.  To use a
strike, write the seat number of the juror above the line where the
strike is required to be designated.[9]  A party who does not use a
strike waives any further right to exercise that strike and is
required to reflect this waiver by writing the word "pass" on the
strike sheet where the strike was supposed to have been exercised.

## XII.  ATTORNEYS FEES

The parties are referred to Local Rule 54-293 concerning
the post-trial procedure for seeking an award of attorney's fees.

////

////

---

[8](...continued)
a particular juror should be excused.  The attached for cause form
will also be used.

[9]     For example, assuming Plaintiff elects to strike the
juror in seat number 6, that strike will be exercised and then the
strike sheet is give to defense counsel.  Assuming defense counsel
then strikes the juror in seat 4, the first line of the strike
sheet will appear as follows:

Plaintiff    1  **6**                    Defendant  1____**4**____

Defense counsel would then give the strike sheet back to Plaintiff
so she could exercise her second strike.

## XIII.   JURY INSTRUCTION AND VERDICT FORM CONFERENCE

A jury instruction and verdict form conference will be scheduled if necessary.  See Local Rule 51-163(f).  The attorney who will try the case for each party shall attend the conference. The purpose of the conferences is to finalize these matters, to the extent possible, before trial.  The possibility of conferences being scheduled does not relieve the parties from their obligation to comply with all provisions of this Order.

Trial to a jury is set for February 28, 2006.[10]  A trial day will commence at 9:00 a.m. and will adjourn at approximately 4:30 p.m.  At the first phase of the trial, each side has fifteen (15) minutes within which to make an opening statement to the jury and sixty (60) minutes within which to make a closing argument.  If trial proceeds to the second phase, each side has ten (10) minutes within which to make a closing argument on the punitive damage issue.  Counsel are to call Shani Furstenau, Courtroom Deputy, at (916) 930-4114, one week prior to trial to ascertain the status of the trial date.

## XIV.   COMMUNICATION WITH JURY

The Court intends to communicate the following to the jury just before it retires to deliberate:

1.   Is the United States Marshal's representative present who will take charge of the jury?

2.   Deputy Clerk, please give the oath to the United States Marshal's representative.

---

[10]   **The parties are required to meet and confer about the length of the trial and to file a document no later than 20 court days before trial in which the length of trial is estimated.**

3. The jury may take breaks at will, **without advance permission**, under the general supervision of the United States Marshal's representative.

4. The jury may go to lunch when they desire, **without advance permission**, under the general supervision of the United States Marshal's representative.  When the jury leaves for lunch, **the United States Marshal's representative shall tell my courtroom deputy clerk** so that I, my staff, the lawyers, and the parties can be relieved from standby status.  This allows those on standby status to go to lunch at the same time the jury has lunch.

5. The jury is authorized to adjourn for the evening **without advance permission**, and without having to return to this courtroom to be excused by me in front of the parties, but **the United States Marshal's representative shall tell my deputy courtroom clerk** when the jury adjourns so that the judge, the judge's staff, the lawyers, and the parties can be relieved from standby status.

6. When deliberations are continued the day after evening adjournment, jurors are permitted to proceed directly to the jury deliberation room.  But jurors are to wait until all jurors are present before resuming deliberations.

7. We desire you to deliberate between the hours of 9:00 a.m. and 4:30 p.m., as necessary.  However, you may deliberate for a shorter or longer period if you

1           desire, provided all of you are in agreement.

2           Otherwise, you should let me know about the

3           disagreement.

4     8.   If you have a cell phone and/or a device with a

5           wireless internet connection, you must give it to

6           the United States Marshal's representative before

7           you go into the jury deliberation room so that we

8           can be assured that there is no interference with

9           your deliberations.  That representative will return

10          it when you leave the jury deliberation room.

11     9.   The United States Marshal's representative will

12          maintain a post outside the jury deliberation room

13          to protect the jury from outside influences or

14          visitors.  That representative shall not communicate

15          with you about the case or the court system because

16          such conversations could be misconstrued as a

17          communication that seeks to influence the jury.

18          Stay in the jury room until all jurors are ready to

19          leave for a break or lunch.

20    10.  Please escort all jurors to the deliberation room.

21

22  Dated:  December 9, 2005

23

24                 /s/ Garland E. Burrell, Jr.
                    GARLAND E. BURRELL, JR.

25                     United States District Judge

26

27

28

STRIKE SHEET

Plaintiff      1_____          Defendants   1_____

               2_____                       2_____

               3_____                       3_____

<u>Query re Excuse Potential Juror</u>

Do you Agree that Juror No. _____ should be excused for the reason stated by the juror or for any other reason?  (Check applicable box below)

|  | Plaintiff's Attorney | | | Defendants' Attorney | |
|---|---|---|---|---|---|
| RESPONSE: | ☐ | ☐ | | ☐ | ☐ |
|  | Yes | No | | Yes | No |

Whether Jurors Present During Exercise of Peremptory Challenges

Can the jury be excused for the amount of time it will take to exercise peremptory challenges?  (Set forth response in box below)

|  | Plaintiff's Attorney | | Defendants' Attorney | |
|---|---|---|---|---|
| RESPONSE: | ☐ | ☐ | ☐ | ☐ |
|  | Yes | No | Yes | No |

How long do you estimate it will take you to exercise peremptory challenges?  (Set forth minutes in box below)

|  | Plaintiff's Attorney | Defendants' Attorney |
|---|---|---|
| MINUTES: | ☐ | ☐ |

FOR CAUSE DOCUMENT
Plaintiff's Counsel

If you have challenges for cause, state the seat number of the juror involved and a brief explanation of the reason for the challenge.

Seat _____

Explanation: _____

_____

_____

Seat _____

Explanation: _____

_____

_____

Seat _____

Explanation: _____

_____

_____

Seat _____

Explanation: _____

_____

_____

List seat numbers of other for cause challenges:  \_\_\_\_, \_\_\_\_,

\_\_\_\_, \_\_\_\_, \_\_\_\_, \_\_\_\_, \_\_\_\_, \_\_\_\_, \_\_\_\_, \_\_\_\_, \_\_\_\_, \_\_\_\_, \_\_\_\_.

*CHECK THIS BOX IF YOU HAVE <u>NO</u> CHALLENGES FOR CAUSE:*  ☐

Signed:_____

<u>FOR CAUSE DOCUMENT</u>
<u>Defendants' Counsel</u>

If you have challenges for cause, state the seat number of the juror involved and a brief explanation of the reason for the challenge.

Seat _____

Explanation: _____

_____

_____


Seat _____

Explanation: _____

_____

_____


Seat _____

Explanation: _____

_____

_____


Seat _____

Explanation: _____

_____

_____


List seat numbers of other for cause challenges: _____, _____,

_____, _____, _____, _____, _____, _____, _____, _____, _____, _____.

***CHECK THIS BOX IF YOU HAVE <u>NO</u> CHALLENGES FOR CAUSE:***   ☐

Signed:_____