IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINA BLACKHURST,<br><br>    Plaintiff,<br><br>    v.<br><br>TRINITY CHURCH, DONNA HARRELL, and DOES 1 through 50, inclusive,<br><br>    Defendants. | 2:04-cv-2191-GEB-GGH<br><br>ORDER |

On January 3, 2006, Plaintiff filed a Notice of Settlement indicating that the parties had reached a settlement agreement in this action.  On January 24, 2006, Plaintiff filed a motion to determine the scope of her former counsel's lien and to compel Defendant to release settlement funds; this motion reveals a dispute has arisen between Plaintiff's present and former counsel.  (Pl.'s Mem. Supp. Mot. to Determine Scope and Release Checks 3-4).   Plaintiff argues "[t]his court has ancillary jurisdiction to adjudicate [this] dispute

1  since it is so closely related to the underlying litigation." (Id. at
2  2.)
3       Since this action is now settled, the issue is whether
4  "[t]he parties . . . have alleged . . . facts that would justify
5  federal jurisdiction over the settlement dispute." O'Connor v.
6  Colvin, 70 F.3d 530, 532 (9th Cir. 1995). Diversity jurisdiction is
7  not alleged, "and no statute provides for federal jurisdiction over
8  this contract dispute." Id.; see also Jessup v. Luther, 277 F.3d 926,
9  928 (7th Cir. 2002) ("The settlement is just another contract to be
10 enforced in the usual way, that is, by a fresh suit."). The fact that
11 subject matter jurisdiction existed over the action before it settled
12 "does not confer jurisdiction." O'Connor, 70 F.3d at 532.
13      Since I lack jurisdiction to address the dispute over the
14 settlement agreement, the action is dismissed without prejudice.
15      IT IS SO ORDERED.
16 Dated:  January 27, 2006

                                    /s/ Garland E. Burrell, Jr.
                                    GARLAND E. BURRELL, JR.
                                    United States District Judge